# UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LINDA M. KOZLOWSKI,** : | |
| : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | *Electronically Filed* |
| : | |
| **PENN NATIONAL INSURANCE and** : | JURY TRIAL DEMANDED |
| **HOOVER REHABILITATION** : | |
| **SERVICES, INC.,** : | |
| : | |
| Defendants : | |

## **COMPLAINT**

AND NOW, comes the Plaintiff, Linda M. Kozlowski, by her attorneys, Metzger, Wickersham, Knauss & Erb, P.C., and complains against the Defendants Penn National Insurance, and Hoover Rehabilitation Services, Inc., as follows:

1. The Plaintiff, Linda M. Kozlowski, is an adult individual residing at 275 Krone Road, Lewisberry, York County, Pennsylvania, 17339.

2. The Defendant, Penn National Insurance (hereinafter referred to as "Penn National"), is a corporation licensed to sell property-casualty insurance with home offices located at Two North Second Street, P.O. Box 2361, Harrisburg, Dauphin County, Pennsylvania, 17105-2361.

3. The Defendant, Hoover Rehabilitation Services, Inc. (hereinafter "Hoover"), is a corporation with offices located at 1970 Technology Parkway, Mechanicsburg, Cumberland County, Pennsylvania, 17050.

4. This action is brought to remedy unlawful discriminatory practices in violation the Employee Retirement Income Security Program (ERISA), 29 U.S.C. Section 1001 *et. seq.* and is brought pursuant to Section 1132(a)(1)(B) of that Act, 29 U.S.C. Section 1132(a)(1)(B).

5. The Plaintiff was employed by the Defendant Penn National as a Production Underwriter for two and one-half years and as an Underwriting Manager for three years.

6. The Plaintiff suffers from osteoarthritis, severe degenerative disease of both knees and fibromyalgia as well as seventy percent loss of hearing in both ears.

7. On November 4, 2003 the Plaintiff was unable to walk and was rushed to the Emergency Room at York Hospital where the diagnosis of severe inflammation of arthritis was made.

8. The Plaintiff submitted to the Defendant Hoover, the Administrator of the Penn National Insurance Integrated Disability Management Program, a request for Salary Continuation in accordance with the Penn National Insurance Salary Continuation Plan, a copy of which is marked Exhibit "A" and attached hereto.

9. By letter of Defendant Hoover dated November 18, 2003, the Plaintiff's request for Salary Continuation benefits was approved; a copy of said letter is marked Exhibit "B" and attached hereto.

10. By letter of November 20, 2003 Defendant Hoover advised the Plaintiff that her claim had been denied "due to insufficient medical documentation to substantiate continued disability." A copy of said letter is marked Exhibit "C" and attached hereto.

11. On December 1, 2003 Plaintiff directed to Patricia Zahorian, R.N. of Defendant Hoover a written appeal of the declination of salary continuation benefits; a copy of said letter is marked Exhibit "D" and attached hereto.

12. On December 2, 2003 Michael F. Lupinacci, M.D., the Plaintiff's physical medicine specialist, forwarded a Salary Continuation Verification Form by fax to Defendant Hoover; said form, which certified disability from November 17, 2003, is marked Exhibit "E" and attached hereto.

13. By letter of December 4, 2003 Kelly C. Gorman, Manager of Human Resources of Defendant Penn National, advised the Plaintiff of the denial of her written appeal for Salary Continuation benefits; a copy of said letter is marked Exhibit "F" and attached hereto.

14. On December 4, 2003 the Plaintiff forwarded to Ms. Zahorian by fax a letter with medical reports attached; copies of said letter and medical reports are marked Exhibit "G" and attached hereto.

15. The Plaintiff was evaluated by Dr. Lupinacci on December 10, 2003 at which time she was advised that her condition is permanent and that the doctor was submitting a letter which supported her continued disability. She forwarded to Kelly Gorman an email advising that the doctor's letter would be forthcoming but that it may require a few days. A copy of that email is marked Exhibit "H" and attached hereto.

16. By letter of December 19, 2003 Ms. Gorman advised the Plaintiff that her position as Underwriting Manager had been filled and that because her application for Salary Continuation benefits had been denied, Defendant Penn National had terminated her employment effective December 19, 2003. A copy of said letter is marked Exhibit "I" and attached hereto.

17. On December 22, 2003 the Plaintiff received from Dr. Lupinacci a medical report dated December 22, 2003; a copy of said report is marked Exhibit "J" and attached hereto. She forwarded the report by fax to Kelly Gorman with a request for reconsideration of termination of her employment and her entitlement to Salary Continuation benefits.

18. On December 30, 2003 the Plaintiff received from Kelly Gorman by email a message that since her employment had been terminated effective December 19, 2003, her right to Salary Continuation benefits terminated on that date as well; no further consideration would be given.

19. As Underwriting Manager at the Hunt Valley, Maryland office of the Defendant Penn National, the Plaintiff earned $77,500 annually.

20. The Plaintiff has performed all of the conditions and complied with all of the requirements of the Penn National Insurance Integrated Disability Management Program.

21. Despite repeated demands by the Plaintiff, the Defendant Penn National has refused to make payment of Salary Continuation benefits.

22. The Defendants Penn National and Hoover have no legitimate or arguable reason to deny the claim of the Plaintiff for Salary Continuation benefits.

## COUNT I

### Linda M. Kozlowski v. Penn National Insurance

23. The averments of Paragraphs 1 though 22 are incorporated herein by reference.

24. The Defendant Penn National acted willfully and intentionally in denying to the Plaintiff Salary Continuation benefits in accordance with the Penn National Insurance Salary Continuation Plan (Exhibit "A") despite the medical evidence which supported her claim.

25. As a result of the termination of her employment and denial of Salary Continuation benefits, the Plaintiff was prevented from making a claim for long term disability benefits.

## COUNT II

### Linda M. Kozlowski v. Hoover Rehabilitation Services, Inc.

26.     The averments of Paragraphs 1 though 25 are incorporated herein by reference.

27.     Defendant Hoover, as the Administrator of the Penn National Insurance Integrated Disability Management Program, acted willfully and intentionally in denying to the Plaintiff Salary Continuation benefits despite the medical evidence which supported her claim.

28.     The actions of Defendant Hoover prevented the Plaintiff from making a claim for long term disability benefits.

WHEREFORE, the Plaintiff, Linda M. Kozlowski, requests judgment against the Defendants, Penn National Insurance and Hoover Rehabilitation Services, Inc., for damages for denial of her claim for Salary Continuation benefits at the rate of eighty percent (80%) of her base salary of $77,500.00 annually, together with interest, costs of suit and attorney's fees.

Respectfully submitted,

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

 /s *James F. Carl, Esq.*
James F. Carl, Esquire
Attorney I.D. No. 01616
3211 North Front Street
P.O. Box 5300
Harrisburg, PA 17110-0300
(717)  238-8187

Attorneys for Plaintiff
Linda M. Kozlowski

Date:   April 1, 2004